UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Printiss Jackson-Davis, individually
and as Personal Representative of the
Estate of Brenda Jackson

CASE NO: 1:17-cv-24089-RNS

Plaintiff,

v.

CARNIVAL CORPORATION D/B/A
CARNIVAL CRUISE LINES

    Defendant.
_____/

## DEFENDANT CARNIVAL CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO STRIKE REQUESTS FOR PUNITIVE DAMAGES WITH SUPPORTING MEMORANDUM OF LAW

Defendant, CARNIVAL CORPORATION, by and through its undersigned counsel and pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, hereby files this Motion to Dismiss Plaintiff's Complaint and Motion to Strike Requests for Punitive Damages with Supporting Memorandum of Law and in support thereof would state as follows:

    1.    This is a maritime passenger wrongful death matter brought by Plaintiff Printiss Jackson-Davis Individually, and as Personal Representative of the Estate of Brenda Jackson ("Plaintiff"). Plaintiff alleges that she and her mother, Brenda Jackson, were passengers aboard the Carnival *Dream* on November 13, 2016. [D.E. 1, ¶ 9]

    2.    Plaintiff contends that on the morning of November 13th she and Ms. Jackson presented to the ship's medical center for treatment at approximately 2:30 AM while the vessel was sailing towards its home port in New Orleans. [D.E. 1, ¶10] Plaintiff further alleges that all of the medical care took place while the ship was within three miles of the coast of Louisiana,

7982429.1

and that during such time her condition was not properly treated and/or managed thus leading to her death. [D.E. 1, ¶¶ 12, 32]

3. Plaintiff brings the following claims in the Complaint against Carnival: (1) Negligence; (2) Vicarious Liability under Respondeat Superior for the negligence of non-medical personnel; (3) Vicarious Liability under Respondeat Superior for the negligence of medical personnel; (4) Vicarious Liability under Apparent Agency for the negligence of medical personnel; and (5) Negligent Hiring and Retention. [D.E. 1, pp. 7-24]

4. Plaintiff's Complaint should be dismissed in its entirety under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief may be granted.

5. Alternatively, Plaintiff's demands for punitive damages are not properly pled and are legally insufficient, and should thus be stricken. [D.E. 1, ¶¶ 34, 43, 52, 61, 68]

## MEMORANDUM OF LAW

### I. LEGAL STANDARD

In order for Plaintiffs to state a valid claim against Carnival, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal. Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). Rather, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, "threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (*citing* Twombly, 550 U.S. at 555). Therefore, to survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (*quoting* Twombly, 550 U.S. at 570).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. Id. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Id. Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw on its judicial experience and common sense. Id. at 679.

## II.  THIS ACTION IS GOVERNED BY GENERAL MARITIME LAW

Incidents occurring on the navigable waters and/or bearing a significant relationship to traditional maritime activities are governed by general maritime law. Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 632 (1959); Kornberg v. Carnival Cruise Lines, Inc., 741 F. 2d 1332, 1334 (11th Cir. 1984); Hallman v. Carnival Cruise Lines, Inc. 459 So.2d 378, 379 (Fla. 3d DCA 1984). It is well settled that the law governing passenger suits against cruise lines is the general maritime law. Everett v. Carnival Cruise Lines, Inc., 912 F.2d 1355, 1358 (11th Cir. 1990); Keefe v. Bahama Cruise Line, Inc., 867 F.2d 1318 (11th Cir. 1989). Plaintiff alleges that the subject incident occurred while Ms. Jackson was a passenger aboard the Carnival Dream. [D.E. 1 at ¶11]. Accordingly, general maritime law applies.

7982429.1

### III. COUNT I FAILS TO STATE A VIABLE DIRECT LIABILITY CLAIM AGAINST CARNIVAL

#### A. The allegations asserting direct liability are improper

As a threshold matter, Count I of the Complaint fails to state a claim upon which relief may be granted because Plaintiff is improperly attempting to hold Carnival directly liable for the negligence of its "crew on board the Carnival *Dream* and its officials and employees in Florida." [D.E. 1, ¶ 23; pp. 6-10]. While the negligence of others may be imputed to hold a defendant vicariously liable, the same is not true for purposes of direct liability. Count I must therefore be dismissed in its entirety because it does not state a valid direct negligence cause of action against Carnival arising from *its own* acts and/or omissions. [D.E. 1, pp. 6-10]

#### B. Plaintiffs' Amended Complaint Erroneously Asserts Duties that Don't Exist Under Maritime Law

Additionally, Plaintiff also erroneously asserts the wrong standard of care for negligence in maritime passenger injury actions against Carnival in Count I of the Complaint. Specifically, Plaintiff alleges Carnival breached its duty to (a) timely divert the ship or evacuate Plaintiff by helicopter or speed boat to receive competent medical care; (b) relied upon medical opinions and/or advice of ship doctors and nurses who were not properly qualified and failed to have proper licenses in the jurisdiction of the flag of the ship; (c) properly consult qualified shore-based personnel to make safe decisions about treatment and evacuation; (d) adequately train, supervise and instruct crew members on how to respond to medical emergencies and take steps to evacuate a passenger who they were unprepared and unqualified to treat; (e) develop and institute adequate procedures and policies to address Plaintiff's medical situation; (f) employ the proper type of doctors and nurses; and (g) utilize "Face to Face Telemedicine." [D.E. 1, ¶ 28]

However, Plaintiff is attempting to hold Carnival to a higher standard of care than what is actually required under the law. It is well settled that the standard of care due to passengers by a cruise ship operator is that standard which is reasonable under the circumstances. <u>Kermarec v. Compagnie Generale Transatlantique</u>, 358 U.S. 625, 79 S.Ct. 406, 410 (1959); <u>Everett v. Carnival Cruise Lines, Inc.</u>, 912 F.2d 1355, 1358 (11th Cir. 1990); <u>Keefe v. Bahama Cruise Line, Inc.</u>, 867 F.2d 1318, 1322 (11th Cir. 1989). Thus, Plaintiff's allegations invoking a heightened duty of care beyond what is actually required under maritime law is improper and the negligence claim asserted in Count I fails to state a claim upon which relief can be granted. For example:

**1.  A shipowner does not have a duty to provide medical care**

Count I of Plaintiff's Complaint implies that Carnival had a duty to provide medical care to Ms. Jackson. However, under general maritime law, a shipowner does not owe a duty to practice medicine or to carry a physician on board. *See* <u>Franza v. Royal Caribbean Cruises, Ltd.</u>, 772 F.3d 1225, 1232 (11th Cir. 2014); *see also* <u>Rinker v. Carnival Corp.</u>, 2010 WL 9530327 at *2 (S.D. Fla. June 18, 2010). Likewise, there is no obligation for Carnival to train, supervise or instruct shipboard medical staff. *See* <u>Mumford v. Carnival Corp.</u>, 7 F.Supp. 3d 1243, 1248 (S.D. Fla. 2014); <u>Farrell v. Royal Caribbean</u>, 2013 U.S. Dist. LEXIS at *7 (S.D. Fla. January 2, 2013); <u>Hill v. Celebrity Cruises, Inc.</u>, 2010 WL 11442595 at *5 (S.D. Fla. 2010); <u>Rinker v. Carnival Corp.</u>, 2010 U.S. Dist. LEXIS 144910 at *7 (S.D. Fla. 2010)(dismissing with prejudice allegation that Carnival failed to adequately train, instruct or supervise medical staff, as no such duty exists). Therefore, as Carnival has no duty, as a matter of law, to provide medical care to its passengers or to train, instruct or supervise medical staff, Carnival respectfully requests paragraphs 28 (b) thru (g) be dismissed with prejudice.

### 2. Carnival has no duty to provide medical equipment or establish policies/procedures

Plaintiff has also alleged that Carnival was negligent in failing to utilize modern technology like "Face to Face Telemedicine" or in developing and instituting adequate policies and procedures to address Plaintiff's medical situation. However, Carnival is under no legal duty to develop or institute particular medical directives and policies regarding patient care, and it is thus not negligent if it fails to do so. Hajtman v. NCL, 466 F.Supp. 2d 1324, 1327 (S.D. Fla. 2007)(carrier not negligent for failure to promulgate or enforce particular medical directives regarding patient care, as carrier has no duty to do so); Mumford v. Carnival Corp., 7 F.Supp. 3d 1243, 1248 (S.D. Fla. 2014); Farrell v. Royal Caribbean Cruises, Ltd., 2013 U.S. Dist. LEXIS 8136 at *6-7 (S.D. Fla. 2013). Similarly, as it relates to Plaintiff's allegation that Carnival did not have modern technologies like "Face to Face Telemedicine" available, it is well settled that a ship owner does not owe a duty to provide medical equipment. Zapata v. Royal Caribbean Cruises, Ltd., 2013 U.S. Dist. LEXIS at *8-9 (S.D. Fla. 2013)(dismissing with prejudice allegation that Royal Caribbean had a duty to provide first aid equipment on ship, as "a ship is not a 'floating hospital'"); see also Wajnstat v. Oceania Cruises, 2011 U.S. Dist. LEXIS 10900 at *9 (S.D. Fla. 2011)(dismissing with prejudice allegation that Oceania Cruises failed to provide communication equipment for the ship's medical staff to communicate with emergency doctors, as "a cruise ship is not a floating hospital").

### 3. Carnival has no duty to employ doctors who are licensed in the jurisdiction of the flag of the ship

Plaintiff also alleges that Carnival breached a duty to employ the "proper type of doctors and nurses" in paragraph 28 (f) claiming that they were "not properly qualified and failed to have proper licenses in the jurisdiction of the flag of the ship on which they were hired to provide

6

7982429.1

medical care." However, it is undisputed that Carnival has no duty to hire medical personnel licensed in the jurisdiction of the flag of the ship. Rinker, 753 F.Supp. 2d 1237 (S.D. Fla. 2010). Moreover, to the extent Plaintiff's claims rest solely upon the premise that the medical personnel were not competent because they did not render proper care, "that fact that a physician errs in treatment does not prove he was incompetent, or that Carnival was negligent in appointing him." Mumford, 7 F.Supp. 3d 1243 (S.D. Fla. 2014); *see also* Jackson v. Carnival Cruise Lines, Inc., 203 F.Supp. 2d 1367, 1375 (S.D. Fla. 2002). Accordingly, subparagraphs (b) and (f) are likewise improper and subject to dismissal with prejudice.

### C. Evacuation allegations do not state a valid negligence claim

Count I of Plaintiff's Complaint also contains allegations in Paragraph 28(a) that contend that Carnival was negligent in failing to "timely divert the ship or evacuate Plaintiff by helicopter or speed boat to receive competent medical care." [D.E. 1 ¶ 28(a)] Plaintiff argues in support that the "only sensible option" was to order an evacuation given the purported location of the ship along with her symptoms at the time. [Id.]

First, it bears noting that Carnival was under no duty to provide medical transportation to the Plaintiff. *See* Mumford, 7 F.Supp. 3d at 1248; *see also* Farrell v. Royal Caribbean Cruises, Ltd., 2013 U.S. Dist. LEXIS 8136 at *7 (S.D. Fla. Jan. 2, 2013); Hill v Celebrity Cruises, Inc., 2010 WL 11442595 at *5 (S.D. Fla. 2010)("[Celebrity Cruises] has no duty to provide medical transportation services or to divert the course of the ship for medical treatment"); Gliniecki v. Carnival Corp., 632 F.Supp. 2d 1205, 1208 (S.D. Fla. 2009)(dismissing with prejudice claim for failure to timely transport passenger to suitable medical facilities abroad, as "Carnival has no duty to provide medical transportation or services").

However, even if a duty to evacuate or divert existed, Plaintiff's allegations do not assert any factual information suggesting that Carnival was on notice of the need to divert the ship or order an evacuation. The applicable standard of care requires, as a prerequisite to establishing liability, that the carrier have actual or constructive notice of the risk-creating condition. *See e.g.* Keefe v. Bahama Cruise Line, Inc., 867 F.2d 1318, 1322 (11th Cir. 1989); Isbell v. Carnival Corp., 462 F.Supp. 2d 1232, 1237 (S.D. Fla. 2006). Therefore, Plaintiff's conclusory allegations fail to satisfy the pleading requirements set forth in Iqbal and Twombly and should be dismissed/stricken for failure to state a claim upon which relief can be granted.

Notably, this District has dismissed similar "negligent evacuation" claims with prejudice. *See* Wajnstat v. Oceania Cruises, 2010 WL 3900083 (S.D. Fla. July 19, 2010). Particularly in Wajnstat, the court dismissed with prejudice the plaintiff's claim predicated on the cruise ship's alleged failure to timely evacuate the plaintiff after he became ill. In dismissing the claim, the court noted that plaintiff did not allege any facts indicating that the ship's physician requested an evacuation that was overruled by the ship's master. *See e.g.* Metzger v. Italian Line, 1976 A.MC. 453 (S.D.N.Y. 1975).

As in Wajnstat, there are no allegations in Plaintiff's Complaint that present a plausible cause of action against Carnival for failing to exercise reasonable care in furnishing aid and assistance to Plaintiff. Once Plaintiff placed herself under the care of the ship's medical staff, Carnival could not have made an independent decision to evacuate or divert the vessel. Conspicuously absent from the Complaint are any allegations that the ship's physician made a medical decision that the Plaintiff needed to be evacuated or diverted which was ultimately ignored or overruled by the ship's master. In fact, Plaintiff appears to be claiming just the opposite by specifically alleging that the ship's physician did not place the call for an air

7982429.1

ambulance evacuation. [D.E. 1 ¶ 18]. Accordingly, Plaintiff cannot present a plausible cause of action against Carnival for failing to order an evacuation or divert the vessel. S*ee also* Rinker v. Carnival, 2010 WL 9530327, at *3 (S.D. Fla. June 18, 2010)(dismissing plaintiff's negligence claim based on an allegation that Carnival failed to timely divert the vessel or evacuate the plaintiff because there were no factual allegations supporting such a claim).

D.    **Absence of Proximate Cause**

To the extent the Court finds that Carnival may be held directly liable and/or that Count I of the Complaint asserts a proper standard of care, Carnival would respectfully suggest that Plaintiff has still failed to sufficiently allege proximate causation. In fact, Plaintiff's Complaint is entirely devoid of any factual information as to how the alleged failure to do any of the acts identified in subparagraphs (a-g) proximately caused Plaintiff's death. Instead, Plaintiff simply states in a conclusory manner that had she "received the appropriate care and treatment or had been timely evacuated from the ship, she would not have suffered such devastating injuries resulting in death." [D.E. 1 32] However, even taking the allegations in a light most favorable to the Plaintiff, there are no facts to substantiate how diverting the ship or evacuating the Plaintiff by helicopter would have prevented her death. Likewise, Plaintiff has failed to allege what policies or procedures should have been implemented or how the implementation of such policies and procedures would have changed her unfortunate outcome. Similarly, there are no allegations explaining how a failure to perform a medical consult or use "Face to Face Telemedicine" was the proximate cause of her injury/death.

Carnival is not an insurer of the passengers' safety and the mere fact that an accident occurs does not render a shipowner liable. Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1334 (11th Cir. 1984); Luby v. Carnival Cruise Lines, Inc., 633 F.Supp. 40, 41 (S.D. Fla.

1986). Considering the absence of allegations indicating how specifically Plaintiff was injured because of the failures set out in Paragraph 28(a-g), Count I should be dismissed for failing to state a claim upon which relief may be granted. *See e.g.* Rinker v. Carnival, 753 F.Supp. 2d 1237, 1242 (S.D. Fla. 2010).

## IV.    COUNTS II, III and IV SHOULD BE DISMISSED FOR FAILURE TO STATE VIABLE VICARIOUS LIABILITY CLAIMS

### A.    Count II does not allege sufficient facts establishing an agency relationship

Count II of the Complaint attempts to assert a vicarious liability claim against Carnival for the alleged negligence of its "non-medical personnel." [D.E. 1, ¶¶ 35-44, pp. 10-14] However, Count II does not allege sufficient facts to establish an agency relationship between Carnival and the purported "non-medical personnel." Instead, Plaintiff simply recites the elements of an actual agency relationship in Paragraph 44 of the Complaint. [D.E. 1 ¶ 44] This type of "naked assertion[s] devoid of further factual enhancement" are exactly what Rule 8 of the Federal Rules of Civil Procedure aim to prevent. Iqbal, 556 U.S. at 678.

### B.    Counts II, III, and IV impose an improper standard of care

Meanwhile, Plaintiff has simply converted the improper standard of care against Carnival found in Count I of the Complaint into respondeat superior theories of liability in Counts II, III and IV. For example, the laundry list of allegedly breached duties set forth in paragraph 28 (a-g) of Count I are identical to the alleged breaches in paragraph 37(a-g) of Count II. Moreover, subpargraphs 49 (d and f-j) in Count III and subparagraphs 58 (d and f-j) in Count IV assert the same improper duties. However, if Carnival cannot be held directly liable in Count I for the breach of duties that it did not have, Plaintiff cannot circumvent the absence of those duties by seeking to hold Carnival vicariously liable for the breach by third parties of duties which are not owed under maritime law. These non-existent duties include, for example, the duty to establish

medical policies/procedures, to provide communication devices and/or equipment, to hire medical personnel licensed under the jurisdiction of the vessel, to divert the ship, or to evacuate a passenger. Accordingly, Carnival hereby adopts and incorporates by reference the legal arguments set forth above in support of the dismissal of Counts II, III, and IV of Plaintiff's Complaint.

### C.   Counts II, III and IV fail to adequately allege proximate causation

To the extent the Court finds that Counts II, III and IV assert a proper standard of care, Carnival would respectfully suggest that Plaintiff has still failed to sufficiently allege proximate causation. As outlined above, Plaintiff's Complaint is entirely devoid of any factual information as to how the alleged failure to do any of the acts identified in Paragraph 37(a-g) of Count II, Paragraph 49 (a-k) of Count III, and Paragraph 58 (a-k) of Count IV proximately caused her death.

### V.   PLAINTIFF'S CLAIM FOR NEGLIGENT HIRING and RETENTION (Count V of the Complaint) SHOULD BE DISMISSED

Plaintiff has likewise failed to allege ultimate facts sufficient to support claims for negligent hiring and retention. Negligent hiring occurs when, prior to the time the employee or independent contractor is actually hired, the employer knew or should have known of an employee or independent contractor's unfitness. *See* Tello v. Royal Caribbean Cruises, Ltd., 939 F.Supp. 2d 1269, 1276 (S.D. Fla. 2013); Garcia v. Duffy, 492 So.2d 435, 438 (Fla. 2d DCA 1986). The issue of liability focuses primarily upon the adequacy of the employer's pre-employment investigation into the employee or independent contractor's background. *See* Tello, 939 F. Supp. 2d at 1276. To state a cause of action for the tort of negligent hiring or retention, a plaintiff must allege that (1) the employee/contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or

unfitness; and (3) the incompetence or unfitness was a proximate cause of the plaintiff's injury. *See* Doe v. NCL (Bahamas) Ltd., 2016 U.S. Dist. LEXIS 150817 at *8 (S.D. Fla. Oct. 27, 2016); Witover v. Celebrity Cruises, Ltd., 161 F.Supp. 3d 1139, 1148 (S.D. Fla. 2016); Smolnikar v. Royal Caribbean Cruises, Ltd., 787 F.Supp. 2d 1308 (S.D. Fla. 2011). The principal difference between negligent hiring and retention as a basis for employer liability is the time at which the employer is charged with knowledge of the employee or independent contractor's unfitness. *See* Tello, 939 F.Supp. 2d at 1276; Garcia, 492 So.2d at 438.

To satisfy the second element, a plaintiff must allege facts showing that the employer was put on notice of the harmful propensities of the employee or independent contractor before hiring such person. *See* Doe, 2016 U.S. Dist. LEXIS 150817 at *8-9; Flaherty v. Royal Caribbean Cruises, Ltd., 172 F.Supp. 3d 1348, 1351-52 (S.D. Fla. 2016); Tello, 939 F.Supp. 2d at 1276; Stires v. Carnival Corp., 243 F.Supp. 2d 1313, 1318 (M.D. Fla. 2002). Where a complaint only contains conclusory or boilerplate allegations as to an employer's knowledge of any particular incompetence or unfitness, a claim for negligent hiring should be dismissed for failure to state a claim. *See e.g.* Doe, 2016 U.S. Dist. LEXIS 150817 at *8-9 (dismissing claim for negligent hiring or retention where "Plaintiff allege[d] no facts whatsoever to create a plausible inference that Defendant either 'knew or reasonably should have known of [any] particular incompetence or unfitness' or the incompetence that Defendant knew or should have known of caused Plaintiff's injury")(emphasis in original); Gittel v. Carnival Corp., 2015 U.S. Dist. LEXIS 75823 at *5-6 (S.D. Fla. 2015)(dismissing claim for negligent hiring and retention where "the complaint contain[ed] only conclusory allegations as to Carnival's knowledge or any particular incompetence or unfitness," which allegations were "no more than a threadbare recital of the 'knowledge' element of this cause of action" with "no factual content sufficient to support it");

12

Summers v. Carnival Corp., 2015 U.S. Dist. LEXIS 180787 at *15 (S.D. Fla. April 6, 2015)(granting motion to dismiss "because Plaintiff has failed to allege facts that are suggestive enough to render each element of his claim for negligent hiring, retention and training plausible"); Tello, 939 F.Supp. 2d at 1276 (dismissing claim for negligent hiring or retention where cruise passenger "allege[d] no facts indicating that Royal Caribbean's crewmembers were unfit for employment and that Royal Caribbean knew or should have known of their unfitness"); Gavigan v. Celebrity Cruises Inc., 843 F.Supp. 2d 1254, 1261 (S.D. Fla. 2011)(noting that plaintiff only asserted conclusory allegations in claim for negligent selection and ruling that "[t]he absence of any facts to support a negligent selection claim requires dismissal").

Here, Count V does not allege that Carnival knew or should have known of any factually specific incompetence or unfitness of the doctors, nurses or other medical personnel that cared for or treated Plaintiff. Rather, Plaintiff's Complaint contains only conclusory allegations asserting that Carnival "became aware or should have become aware of problems with its medical personnel indicating incompetence and unfitness, but failed to take appropriate action." [D.E. 1 ¶ 65] These allegations are no more than a threadbare recital of the "knowledge" element of a cause of action for negligent hiring/retention with no factual content sufficient to support them. Accordingly, Plaintiff has failed to state a claim for negligent hiring/retention, and Count V should be dismissed.

## VII. PLAINTIFF'S REQUESTS FOR PUNITIVE DAMAGES SHOULD BE STRICKEN

Finally, a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure applies to a "pleading," and a court may strike "any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Compared with motions to dismiss, which can address an entire claim or count, portions of a claim can be stricken under Rule 12(f). Cubero v. Royal

13

Caribbean Cruises, Ltd., 2016 U.S. Dist. LEXIS 107657 at *5 (S.D. Fla. 2016).   In the event that any of Plaintiff's claims are not dismissed for the reasons set forth above, the claims for punitive damages asserted throughout the Complaint should be stricken for three reasons.  First, Plaintiff has alleged that the Carnival *Dream* was unseaworthy.  [D.E. 1, ¶¶ 31; 40] Punitive damages are not, however, available under maritime law for a cause of action of unseaworthiness.  *See e.g.* Miles v. Apex Marine Corp., 498 U.S. 19 (1990); McBride v. Estis Well Serv., LLC., 768 F.3d 382 (5th Cir. 2014); Wahlstrom v. Kawasaki Heavy Indus. Ltd., 4 F.3d 1084, 1094 (2 d Cir. 1993).

Second, Carnival would respectfully suggest that although courts in this District have differed on the issue, punitive damages should not be available in maritime passenger injury claims except upon a showing of intentional misconduct.  See Crusan v. Carnival Corp., Case No. 13-cv-20592 (S.D. Fla. Feb. 24, 2015) *relying upon* In re Amtrak "Sunset Limited" Train Crash, 121 F.3d 1421, 1429 (11th Cir. 1997); *see also* Terry v. Carnival Corp., 3 F.Supp. 3d 1363 (S.D. Fla. 2014 (holding plaintiffs are precluded from pursuing punitive damages because record evidence does not support a finding of intentional misconduct); Bonnell v. Carnival Corp., Case No. 13-22265-CIV (S.D. Fla. Oct. 23, 2014).[1]  To demonstrate "intentional misconduct" for the purposes of recovering punitive damages, the Plaintiff must show that Carnival "had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage."  Id. *citing* Mee Indus. V. Dow Chemical Co., 608 F.3d 1202, 1220 (11th Cir. 2010).   Plaintiff has failed to assert a factual basis to suggest that any of

---

[1] *Cf.* Vairma v. Carnival Corp., Case No. 15-207240-CIV (S.D. Fla. May 27, 2015); Doe v. Roya Caribbean Cruises, Ltd., Case No. 11-23323-CIV, 2012 WL 920675 (S.D. Fla. Mar. 19, 2012); Lobegeiger v. Celebrity Cruises, Inc., Case No. 11-21620-civ, 2011 WL 3703349, at * 7 (S.D. Fla. Aug. 23, 2011)

14

the purported breached duties were due to intentional misconduct. Accordingly, Plaintiff's punitive damage claims should be stricken.

However, even assuming, *arguendo,* that a valid punitive damage claim can be asserted in a maritime passenger injury case without allegations of intentional misconduct, Plaintiff has still failed to plead any facts establishing that Carnival or any of its alleged employees, agents or representatives engaged in wanton, willful or outrageous conduct-the level of culpable conduct necessary to obtain punitive damages. *See* Doe v. Royal Caribbean Cruises, Ltd., 2012 U.S. Dist. LEXIS 139965 at *6 (S.D. Fla. 2012). A request for punitive damages must be stricken from the complaint if the allegations therein do not present a factual basis supporting the recovery of punitive damages, in other words, factual allegations showing wanton, willful or outrageous conduct. Id. The character of negligence necessary to sustain an award of punitive damages must be of "a gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects." Boney v. Carnival Corp., 2009 WL 4039886 at *2 (S.D. Fla. 2009). Plaintiff's allegations fall woefully short in this regard. Despite taking issue with the nature of the medical care and the decision not to divert the ship or order an evacuation, Plaintiff has not alleged any action and/or inaction on the part of Carnival or its purported agents that would suggest their motives were wanton or willful, or to such an outrageous level that it evidenced reckless disregard of human life.

## **CONCLUSION**

Defendant, CARNIVAL CORPORATION, respectfully requests entry of an Order dismissing Plaintiff's Complaint in its entirety for failing to assert a claim upon which relief may be granted. Alternatively, in the event that any of Plaintiff's claims are not dismissed for the

reasons set forth above, Defendant would respectfully request entry of an Order striking the impermissible punitive damage claims asserted throughout the Complaint.

Respectfully submitted,

s/ Michael J. Drahos
GOLDBERG SEGALLA, LLP
Michael J. Drahos, Esquire
Florida Bar No. 0617059
222 Lakeview Avenue, Suite 800
West Palm Beach, FL 33401
Telephone: (561) 618-4450
Fax: (561) 618-4549
Email designations:
mdrahos@goldbergsegalla.com
lparker@goldbergsegalla.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of December, 2017, the foregoing document was electronically filed with the Clerk of the /court using CM/ECF to the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Michael J. Drahos
Michael J. Drahos

7982429.1

SERVICE LIST

CASE NO.: 1:17-cv-24089-RNS

Thomas D. Graham, Esq.
SIMON TRIAL FIRM
Biscayne Bank Tower
2601 S. Bayshore Drive
Suite 1010
Miami, FL 33131
Telephone: (305)375-6500
Facsimile: (305)375-0388
tom@simon-trial.com

and

Kurt B. Arnold – pro hac vice anticipated
karnold@arnolditkin.com
Caj Boatright – pro hac vice anticipated
cboatright@arnolditkin.com
Roland Christensen
rchristensen@arnolditkin.com
Alison Baimbridge
abaimbridge@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713)222-3800
Facsimile: (713)222-3850

Electronic service:
e-service@arnolditkin.com

7982429.1